FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 01 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

THIS IS A CAPITAL CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

In re Eric Reid          Case No. 4:22mc7-DPM

APPLICATION FOR APPOINTMENT OF FEDERAL
HABEAS CORPUS COUNSEL UNDER 18 U.S.C. § 3599(a)(2)

Undersigned counsel moves for the appointment of federal habeas corpus counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a)(2), for Eric Reid, an indigent, death-sentenced prisoner. In support of this motion, counsel states the following:

1. Eric Reid, Prisoner No. SK-000984, is in the custody of the Arkansas Department of Corrections at the Varner Supermax Unit at Grady, Arkansas, under a sentence of death.

2. Mr. Reid was charged by a felony information for a crime that occurred on October 19, 2015. Following a jury trial in Garland County, Arkansas, Mr. Reid was convicted of capital murder and sentenced to death. Mr. Reid's conviction was affirmed by the Arkansas Supreme Court on direct appeal. *Reid v. State*, 588 S.W.3d 725 (Ark. 2019).

This case assigned to District Judge Marshall
and to Magistrate Judge _____

3. Mr. Reid then sought state postconviction relief under Arkansas Rule of Criminal Procedure 37.5. Those proceedings are ongoing in Garland County Circuit Court.

4. Mr. Reid is indigent and currently unrepresented by federally appointed counsel. He has never been afforded any federal review of his conviction and death sentence. He wishes to file a petition for a writ of habeas corpus at the appropriate time, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences.

5. Appointment of counsel in § 2254 cases is mandatory under the Criminal Justice Act Plan adopted by this Court on February 21, 2020. CJA Plan Part IV.A.9.

6. Appointment of federal habeas counsel is appropriate now even though Mr. Reid may have additional state postconviction remedies available to him. "Courts should appoint habeas counsel and provide appropriate litigation resources as early as permitted by law so that counsel have the full statute of limitations period to prepare a habeas corpus petition." CJA Plan Part XI.F.8.

7. The Committee on Defender Services of the United States Judicial Conference (the "Committee") has encouraged Capital Habeas Unit counsel to seek federal appointment even though a petitioner such as Mr. Reid may have state court post-conviction remedies still available to him. As part of its long-range planning for the

Federal Defender Services program, the Committee approved its "Outline of the Defender Services Program Strategic Plan" ("Strategic Plan Outline"). The Strategic Plan Outline, which the Committee first approved in December 2000, articulates the program's mission, goals, strategies to achieve them, and related performance measures. The mission and goals of the Committee are to ensure that the right to counsel guaranteed by the Sixth Amendment, the Criminal Justice Act (18 U.S.C. § 3006A), and other congressional mandates is enforced on behalf of those who cannot afford to retain counsel and other necessary defense services. In June of 2008, to meet its mission statement, the Committee approved the Timely Appointment Strategy as "Goal 1" and "Goal 2." These goals articulate the need to achieve timely appointments and high-quality representation for clients in capital habeas cases and to ensure compliance with the statute of limitations found at 28 U.S.C. § 2244(d).

8. Consistent with the objective of timely appointment of qualified counsel, this Court has previously appointed federal habeas counsel while state postconviction proceedings are pending. *See In re Zachary Holly*, No. 19-mc-6-BSM; *In re LaTavious Johnson*, No. 17-mc-15-BSM; *In re Jerry Lard*, No. 14-mc-8-JLH. Appointment now is in Mr. Reid's best interest given the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

9. "The Federal Public Defender's Capital Habeas Unit should ordinarily be appointed as either sole counsel or lead counsel in a federal death penalty habeas corpus proceedings." CJA Plan Part XI.F.1. Undersigned counsel and other members of the Capital Habeas Unit possess special expertise in capital jurisprudence and meet the qualification standards for the appointment of such counsel as set forth in 18 U.S.C. § 3599(a)(2) and Section XI.F of this Court's Criminal Justice Act Plan.

10. Mr. Reid has been determined indigent throughout all of his state criminal proceedings. Mr. Reid has completed an Application to Proceed Without Prepayment of Fees and an Affidavit attesting to his indigence, which accompanies this motion.

WHEREFORE, counsel asks the Court to appoint the Federal Public Defender for the Eastern District of Arkansas to represent Eric Reid in his federal habeas corpus proceedings under 28 U.S.C. § 2254 and in all ancillary matters as contemplated by the Criminal Justice Act Plan adopted by this Court and § 3599.

Respectfully submitted,

LISA G. PETERS
FEDERAL DEFENDER

*John Williams*

JOHN C. WILLIAMS
First Assistant Federal Public Defender
Ark. Bar Number 2013233
1401 W. Capitol Suite 490
Little Rock, AR 72201
(501) 324-6114
john_c_williams@fd.org

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

Eric Reid
*Plaintiff/Petitioner*
v.
*Defendant/Respondent*

Civil Action No. 4:22mc7-DPM

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: __Varner Supermax Unit__.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are:  $ __0__, and my take-home pay or wages are:  $ __0__ per
*(specify pay period)*

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ☐ Yes ☑ No
(b) Rent payments, interest, or dividends ☐ Yes ☑ No
(c) Pension, annuity, or life insurance payments ☑ Yes ☐ No
(d) Disability, or worker's compensation payments ☐ Yes ☑ No
(e) Gifts, or inheritances ☐ Yes ☑ No
(f) Any other sources ☐ Yes ☑ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

Navy pension - $1,600 a month. On average, I get about $400 a month of this for my commissary account. About $1,200 a month goes to support my family.

4. Amount of money that I have in cash or in a checking or savings account: $ 6,000.

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

No

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

No

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Heather Reid and her children, K.R. (6), Z.R. (3), A.R. (1). As noted in response to #3, about $1,200 on average. I also send money periodically to my mother, Jean Dauphinais.

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

No.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: June 27, 2022

Eric A Reid
_____
Applicant's signature

Eric A Reid
_____
Printed name

| | | | |
|---|---|---|---|
| AR DOC | CALCULATION OF INITIAL PAYMENT OF FILING FEE | PAGE: | 1 of 1 |
| REPORT NO. IBSR146 - 35 | | PROCESSED: | 06/30/2022 02:24 PM |
| | FROM: 12/31/2021 TO: 06/30/2022 | REQUESTOR: | Barbara Smallwood |

(To be Completed by the Institution of Incarceration)

**PLAINTIFF:** Eric Allen Reid

**ADC NUMBER:** 000984

**FEDERAL COURT CASE NUMBER (IF KNOWN):**

| | |
|---|---|
| TOTAL DEPOSITS FOR LAST (6) MONTHS: | $2,623.00 |
| AVERAGE MONTHLY DEPOSIT: (TOTAL DEPOSITS DIVIDED BY 6) | $437.17 |
| TOTAL BALANCES FOR LAST SIX (6) MONTHS: | $10,091.20 |
| AVERAGE MONTHLY BALANCE (TOTAL BALANCES DIVIDED BY 6): | $1,681.87 |
| CURRENT ACCOUNT BALANCE: | $1,341.59 |
| INITIAL PAYMENT OF FILING FEE AS OF: 06/30/2022 | $336.37 |

(THE GREATER OF THE AVERAGE MONTHLY DEPOSIT OR THE AVERAGE MONTHLY BALANCE x .20)

DATE: 6-30-2022          AUTHORIZED OFFICIAL: *[signature]*

(NO FILING FEE SHALL BE IN EXCESS OF $400
FOR A CIVIL LAWSUIT OR $505 FOR AN APPEAL)

**CERTIFICATE**
(Prisoner Accounts Only)
(To be Completed by the Institution of Incarceration)

I certify that the applicant named herein has the sum of $ _0.60_ on account to his/her credit at the _Varner_ institution where he is confined.

I further certify that the applicant likewise has the following securities to his/her credit according to the records of said institution: _None to my knowledge_

I further certify that during the past six months the applicant's average balance was $ _5.30_ .

_6-30-2022_
Date

_[signature]_
Signature of Authorized Officer of Institution